IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PROFESSIONAL MARKET RESEARCH, INC.,**

**Plaintiff,**

v.

**AC NIELSEN CORPORATION, et al.,**

**Defendants.**

Civil No. 03-2314 (GAG)

**OPINION AND ORDER**

Presently before this court is plaintiff's motion submitting objections to the Special Master's report (Docket No. 153). For the reasons stated herein, the court **DENIES** plaintiff's motion and **ADOPTS** the Special Master's report.

### I.     Background

On March 6, 2009, Prof. Lee A. Hollaar, Special Master in this case, issued his report (Docket No. 149) where he found that there were no substantial similarities between Professional Market Research, Inc.'s ("PMR") and ACNielsen de Puerto Rico's ("ACN-PR") store test/store track softwares. Plaintiff PMR filed its objections to said report (Docket No. 153) on March 26, 2009. PMR raises three objections to the report: (1) that the Special Master should analyze ACN-PR's source codes before 2000; (2) that the Special Master did not have actual access to ACN-PR's source code used for processing and generating the reports; and (3) that the Special Master's analysis should take into consideration any similarities in the output of both sets of source code. Defendant ACN-PR, on the other hand, argues that PMR is not objecting to any of the Special Master's conclusions regarding the lack of similarity between the source codes at issue and that the objections raised are not valid.

### II.     Standard of Review of the Special Master's Report

Once a Special Master renders his report, the court must confirm the Special Master's findings for them to be valid. District courts should accept a master's findings of fact unless they determine that such findings are clearly erroneous. See 9C Charles Alan Wright, Arthur R. Miller

**Civil No. 03-2314 (GAG)**

& Mary Kay Kane, Federal Practice and Procedure § 2614 (Civil 3d 1998). "A finding by the master is clearly erroneous when, although there is evidence to support it, the court, after evaluating the entire evidence, is left with the definite and firm conviction that a mistake has been made." Id. In reviewing the report, however, courts must keep in mind that a Special Master's legal conclusions, unlike his findings of fact, must be reviewed *de novo*. Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico, Inc., 999 F. Supp. 213, 222 (D.P.R. 1998) (citing Stauble v. Warrob, 977 F.2d 690 (1st Cir. 1992)).

### III.   Analysis

PMR argues in its motion submitting objections to the Special Master's report that the Special Master had to consider the pre-2000 version of ACN-PR's source code in order to issue his report. The court, in an opinion and order dated March 31, 2005 (Docket No. 21), decided, *inter alia*, that plaintiff's claims for copyright infringement before 2000 were barred by the three-year statute of limitations of the Copyright Act. In so holding, the court rejected plaintiff's continuing wrong theory. The court noted that although the First Circuit had not addressed the continuing wrong theory in copyright cases, at least five sister circuits had rejected the theory and, therefore, the court was siding with the majority of the circuits. The court's determination is controlling in this case and, therefore, PMR is barred from raising the continuing wrong theory again at this point in the proceedings. Given that the statute of limitations of the Copyright Act bars any actions for copyright infringement that took place more than three years prior to the filing of the suit, it would not have been appropriate for the Special Master to evaluate ACN-PR's pre-2000 source code. Any action for copyright infringement prior to 2000 would be barred by the Copyright Act's statute of limitations.

Second, PMR argues that the Special Master did not have actual access to the source code that ACN-PR used for processing and generating reports. This objection is unfounded insofar as both the defendant and the Special Master have stated that ACN-PR's source code was provided to and reviewed by the Special Master. See Docket No. 149 at 2; Docket No. 156 at 6.

**Civil No. 03-2314 (GAG)**

Finally, PMR argues that the Special Master's report does not include a discussion of the output of PMR and ACN-PR's software. Defendant opposes this objection by referring to the Special Master's report, where he states that the codes referred to by PMR (random numbers that identify a store), as well as the outlet names and abbreviations, are not things included in the source code of either program. Docket No. 159 at 5. The Special Master states that these codes are entries in the various data tables used by each program. Id. Furthermore, defendant argues that, even if there are similarities between the outlet codes, names and abbreviations, and column and heading names, none of these elements are copyrightable as a matter of law because they constitute non-copyrightable functional considerations or methods of operation. See 17 U.S.C. § 102(b). The court agrees with defendant's argument and finds that the present case is analogous to Lotus Development Corp. v. Borland Int'l, Inc., 49 F.3d 807 (1st Cir. 1995) (holding that the Lotus menu command hierarchy is an uncopyrightable "method of operation" insofar as the Lotus menu command hierarchy provides the means by which users control and operate Lotus 1-2-3). PMR recognizes that the store codes it uses to identify the stores it visits and the way it organizes those store in its report is part of its data gathering methodology. Docket No. 1 at 16. PMR uses the software in dispute as a tool to generate reports by incorporating its data gathering methodology. Given that a method of operation is not copyrightable, as explained in Lotus, then the output produced by the software (the reports) is non-copyrightable and, thus, cannot be the subject of a suit for copyright infringement.

**IV.    Conclusion**

For the abovementioned reasons, the court **DENIES** plaintiff's motion submitting objections to the Special Master's report (Docket No. 153) and **ADOPTS** the Special Master's report (Docket No. 149). Given this, the court shall hereby enter judgment dismissing this case in its entirety.

**Civil No. 03-2314 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of May 2009.

                                                              S/Gustavo A. Gelpí

                                                              GUSTAVO A. GELPI

                                                              United States District Judge